BENJAMIN J. FOX (CA SBN 193374)
ALLYSON R. BENNETT (CA SBN 302090)
C.B. ROME (CA SBN 345217)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
bfox@mofo.com
abennett@mofo.com
crome@mofo.com

THOMAS C. FROST
(CA SBN 185187)
GEORG CAPIELO
(CA SBN 24591)
THE FROST FIRM
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone:  (619) 822-1741
Facsimile:  (619) 822-1744
tfrost@thefrostfirm.com
gcapielo@thefrostfirm.com

Attorneys for Plaintiff
AK FUTURES LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AK FUTURES LLC,<br><br>Plaintiff,<br><br>v.<br><br>TBH SUPPLY LLC, a California limited liability company; GOLDEN PHOENIX HOLDINGS, a Nevada corporation; JASON ANTHONY LONGO, a California resident; JOHN ANTHONY MAGLIANA, JR., an Oregon resident and California attorney; JOHN MAGLIANA, III, a California resident; ATLAS HEMP COMPANY LLC, a Washington corporation; and DOES 1-10,<br><br>Defendants. | CASE NO.  8:23-cv-01030<br><br>RELATED CASES:<br><br>No. 8:21-cv-1027-JVS-ADS<br>No. 8:21-cv-1028-JVS-ADS<br>No. 8:21-cv-1061-JVS-ADS<br>No. 8:21-cv-1154-JVS-ADS<br>No. 8:21-cv-2121-JVS-ADS<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(A);**<br><br>**(2) CALIFORNIA FALSE ADVERTISING, CAL. BUS. & PROF. CODE § 17500 ET SEQ;**<br><br>**(3) CALIFORNIA UNFAIR COMPETITION, CAL. BUS. & PROF. CODE § 17200 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff AK Futures LLC ("**AKF**"), for its complaint against defendants TBH Supply LLC, Golden Phoenix Holdings, Jason Anthony Longo, John Anthony Magliana, Jr., John Magliana III, and Does 1-10 ("**Defendants**"), alleges:

## **PRELIMINARY STATEMENT**

1.     This is an action against Defendants for the willful infringement of plaintiff AKF's intellectual property rights in its popular Cake™ brand of hemp derivative Delta-8 products.  Defendants are unlawfully manufacturing, importing, advertising, marketing, selling, and distributing unauthorized, inauthentic, and infringing products that attempt to replicate or are confusing similar to AKF's authentic products.  Defendants' products are of unknown quality and contain high concentrations of the psychoactive Delta-9 THC-tetrahydrocannabinol ("THC") compound and have been the target of law enforcement raids and proceedings.  The marketing and sale of these unlawful products under a mark that incorporates and is confusingly similar to AKF's Cake™ mark threaten substantial, irreparable harm to AKF's brand as well as to consumers, who purchase Defendants' products wrongfully believing them to have been made and approved by AKF.

2.     Plaintiff is the owner and authorized seller of Cake™ branded Delta-8 products, including disposable electronic delivery systems and electronic cigarette liquid ("e-liquid").  Delta-8 is a hemp-derived product with less than 0.3% of the psychoactive Delta-9 THC compound and so it is permitted to be sold in interstate commerce under the 2018 Farm Bill.  The safety and efficacy of Delta-8 vaping products are regulated under the PACT Act and other rules and regulations.  AKF's Cake™ brand is the top-selling brand of Delta-8 vaping goods in the United States. It is carefully tested and lawfully manufactured under patented processes and expensive quality controls.

3.     Plaintiff AKF holds the intellectual property rights in its popular Cake™ brand of hemp derivative Delta-8 products ("**Cake™ branded Delta-8 products**").  Given the popularity and consumer recognition of Cake™ branded

Delta-8 products, significant demand for them exists in the U.S. market. Unfortunately, bad actors such as Defendants are creating inauthentic goods that are confusingly similar to AKF's Cake™ marks, and unlawfully trading on AKF's brand and the goodwill AKF has developed in its designs, marks, logos, products, processes and expensive quality controls.

4.      Defendants manufacture, sell, or otherwise distribute unauthorized products under the under the brand name "Cake She Hits Different" and by use the "Cake" mark and branding.  The products being manufactured, sold, or otherwise distributed by Defendants are of unknown or inferior quality to AKF's authentic product, and threaten immeasurable harm to AKF's brand and customer good will. Accordingly, AKF brings this action to protect its brand and consumers from Defendants' infringing products.

## **PARTIES**

5.      Plaintiff AKF is a limited liability company organized and existing under the laws of Delaware with its principal place of business in California located at 1007 West Grove Avenue, Suite B, Orange, California 92865.  AKF is the owner and rights-holder to its Cake™ marks and related intellectual property.

6.      Defendant TBH Supply LLC ("**TBH**"), is a California limited liability company organized on November 19, 2021, with a principal place of business located at 31719 Coast Hwy, Laguna Beach, CA 92651.  Defendant Golden Phoenix Holdings, Inc. ("**Golden Phoenix**"), is a Nevada corporation organized on November 18, 2021.  Golden Phoenix serves as the Managing Member of TBH. Defendants' "Cake She Hits Different" branded vaping devices are more fully described in sections below.

7.      Defendant Jason Anthony Longo ("**Longo**") resides in California and is associated with an address at 31719 Coast Highway, Laguna Beach, CA 92651, where TBH maintains its principal business address.  Defendant John Anthony Magliana, Jr. ("**Magliana**") is an attorney licensed to practice law in California and

2

Oregon, and maintains an office address located at 3600 Lakeview Blvd., Lake Oswego, OR 97035. Defendants Magliana and Longo are the owners and operators of Defendants TBH and Golden Phoenix, and are shareholders and directors of Golden Phoenix.

8. Defendant John Magliana III ("**Magliana III**") is Magliana's son and is associated with Golden Phoenix and TBH. Magliana III pled guilty to a felony charge of possession with intent to distribute marijuana in connection with a multi-state illicit marijuana ring. One of the backbone ingredients of the "Cake She Hits Different" consumer product is black-market marijuana grown without a license and, on information and belief, sold without paying applicable taxes.

9. Defendants TBH, Golden Phoenix, Longo, Magliana and Magliana III are referred to as the "**TBH Defendants**". The TBH Defendants' cannabis business is importing, manufacturing, advertising, selling, and distributing disposable vaping devices containing concentrated Delta-9 THC oils derived from black-market marijuana flowers under the brand name, "Cake She Hits Different". Nicotine is often added to create an electronic nicotine delivery system ("ENDS") product in violation of FDA requirements.

10. Defendant Atlas Hemp Company LLC ("**Atlas Hemp**") is a Washington limited liability company organized on April 18, 2016, with a principal place of business located at 1201 Monster Rd SW, Suite 250, Renton, WA 98057.

11. Defendants Does 1-10 are unknown manufacturers, importers, suppliers to, or agents of the named defendants, or are additional distributors, re-sellers or retailers. Does 1-10 are residents of, or will be present in, the State of California and this Judicial District or have transacted business in the State of California during the time-period covered by this complaint and are subject to the jurisdiction of this Court. The identities and roles played by Does 1-10 are not currently known. AKF will amend its complaint to include the name or names of said persons or entities when that information becomes available.

12.     Plaintiff is informed and believes each Defendant was the agent and alter ego of the other Defendants, at all relevant times alleged herein, and committed the acts or omissions described below with each of the other Defendants' actual and apparent authorization, approval, ratification and direction.

## JURSIDICTION AND VENUE

13.     This is an action for federal unfair competition and false designation of origin, 15 U.S.C. § 1125(a); for violations of California's false advertising law, Cal. Bus. & Prof. Code § 17500 *et seq.*, and California's unfair competition law, Cal. Bus. & Prof. Code § 17200 *et seq.*

14.     This Court has jurisdiction over AKF's federal claim pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  Jurisdiction for the related state-law claims is based upon 28 U.S.C. §§ 1338(b) and 1367.

15.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and 1400(a).  Defendants are subject to suit in this Judicial District by virtue of their commercial activities, sales, and residence in this Judicial District.  Venue in also is proper because a substantial part of the events giving rise to the claims in this action occurred in this Judicial District.  AKF has its principal place of business in this Judicial District.

## STATEMENT OF FACTS

### A.     THE COMMERCIAL SUCCESS OF PLAINTIFF'S CAKE™ PRODUCTS

16.     AKF's Cake™ brand is recognized as the market leader in high-quality hemp-derived Delta-8 vaping products.

17.     Prior to launching Cake™, AKF's co-founder James Clelland launched and operated other very successful brands in the vaping industry.  An artist, designer, and experienced marketer, Clelland's interest in vaping products began with a desire to quit smoking cigarettes.  By the age of 28, Clelland developed his first successful e-cigarette brand called "Dotmod."  Dotmod's sales

4

grew to approximately $20 million annually utilizing Clelland's designs and logos, and grassroots or "viral" social media marketing.  His passion, hard work and distinctive designs and formats contribute to the success and popularity of AKF's brands.

18.    AKF launched the Cake™ branded Delta-8 products at the CHAMPS Trade Show in Orlando, Florida in October 2020.  Cake™ products stood out through its appealing branding and high-quality disposable product.  Demand for Cake™ products has been overwhelming.  During 2022, revenue from sales of authentic Cake™ branded Delta-8 products in the U.S. market exceeded $100 million dollars.

19.    By virtue of Cake™ products' marketplace success, AKF has established substantial and widespread consumer goodwill in the Cake™ mark, trade name, and designs.  Consumers of Cake™ products associate AKF's marks and designs with high-quality, innovative and well-tested products.

20.    AKF takes seriously its intellectual property rights in the Cake™ brand and actively polices them.

**B.    PLAINTIFF'S TRADEMARK RIGHTS IN CAKE™**

21.    AKF has established trademark rights including designation of origin and trade dress in its "Cake" mark, its copyrighted "Cake" design logo, stylized "Cake" lettering, and unique product packaging.

22.    AKF has pending applications for registration of the Cake™ marks before the United States Patent and Trademark Office, for use in connection with electronic cigarettes, electronic cigarette refill liquids and cartridges, electronic cigarette batteries, and electronic cigarette chargers, including as follows:

| MARK | DATE OF APPLICATION | U.S. SERIAL NUMBER |
|------|---------------------|--------------------|
| CAKE | DECEMBER 21, 2020 | 90399839 (CLASS 034) |

| CAKED | MARCH 17, 2021 | 90584363 (CLASS 034) |
|---|---|---|
| CAKED8 | MARCH 17, 2021 | 90584410 (CLASS 034) |
|  | MARCH 22, 2021<br>May 2, 2021 | 90594523 (CLASS 034)<br>90686598 (Class 009) |
|  | MARCH 22, 2021<br>April 5, 2021 | 90594382 (CLASS 034)<br>90624745 (Class 009) |
| EAT CAKE | MARCH 25, 2021 | 90603633 (CLASSES 009 AND 034) |
|  | AUGUST 16, 2021 | 90885204 (CLASS 034) |
| CAKE 10\|10 | JUNE 29, 2021 | 90801941 (CLASS 034) |
| EAT CAKE | MARCH 25, 2021 | 90603633 (CLASSES 009 AND 034) |

23.    AKF currently owns registrations of its "Cake" stylized trademark and design logo trademark issued by China, Mexico, Russia and Australia.  AKF's design logo trademark bears China Registration No. 55058687 and International Registration No. 1604339 with grants of protection by designee countries Russia and Australia; and AKF's "Cake" stylized trademark bears Mexico Registration No. 2574865.

24.    AKF also owns pending trademark applications for registrations of its "Cake" stylized mark and design logo mark in Canada, the European Union, Hong Kong, Vietnam, Brazil, Switzerland, Columbia, Indonesia, Israel, Korea, Japan, Malaysia, Norway, New Zealand, Philippines, Singapore, and Thailand.

25.    Since at least October 23, 2020, AKF has continuously used one or more of the marks on its products in commerce.  To this day, all of AKF's Cake™

products bear one or more of the Cake marks identified above.

26.   The Cake marks are distinctive and serve solely to identify and promote AKF's genuine products and well-known brand.

27.   AKF has spent substantial time, money, and effort in developing consumer recognition and awareness of its brand.

28.   AKF sells its products only through WM Wholesale and its network of authorized distributors.

29.   Through its predecessors' and its licensees' widespread and substantially exclusive use of the Cake™ mark and related marks, AKF also owns significant common law rights in the marks, which are not limited to the goods or services for which the marks are pending registration.  Examples include:



**(Authentic Cake™ Products)**

**C.   DEFENDANTS' INFRINGING AND UNLAWFUL DISTRIBUTION**

30.   Defendants are unlawfully, importing, advertising, marketing, selling, and distributing unauthorized and infringing products by (i) using the brand identity "Cake She Hits Different" and the "Cake" name; and (ii) claiming to be Plaintiff, or at least "authorized distributors" of authentic Cake™ branded products.

31.   "Cake She Hits Different" has caught on by exploiting AKF's Cake™ brand name, synonymous with high quality, lawful Delta-8 CBD products, to sell highly potent marijuana products in interstate commerce in violation of Federal

law.  Defendants knowingly knockoff AKF's Cake ™ brand by use of their "Cake She Hits Different" brand.  Defendants launched their brand after AKF's Cake™ already enjoyed large-scale commercial success across the country.  Yet Defendants on websites and in social media openly pretend they are "the real" AKF, or least its "authorized distributors" for all Cake™ branded products.  They claim that "Cake She Hits Different" is the "one and only real Cake."  The name "Cake She Hits Different" also implies that "Cake She Hits Different" is simply AKF's newest, or next generation, Cake™ product.

32.    The phrase "she hits different" is a facile explanation for the substitution of unlawful, highly psychoactive Delta-9 THC products for Plaintiff' lawful Delta-8 products.  Adding nicotine and selling ENDS outside of the law also caters to the "she hits different" crowd.  To teenagers and young adults "Cake She Hits Different" also is dangerously appealing.  "Cake She Hits Different" is marketed deceptively as being far more potent but still benefiting from the rigorous quality controls and high quality of Cake™ branded products.

33.    TBH Defendants' social media sites declare falsely that Defendants are the real owners of Cake products, exclaiming "We the one & only real Cake!!"  Another social media site, @shehitsdifferent states that the "Cake She Hits Different" brand "is the only real" Cake product.  It asks the viewer to pass along the information to others.  "Thank you for letting the people know."  These statements are undeniably confusing to consumers and misrepresent the rights to the Cake™ brand, *e.g.*:




34.     Through the same social media channels, the TBH Defendants claim paradoxically that they are the "Authorized Distributors" of "CAKE".

35.     In fact, "Cake She Hits Different" products are not manufactured by AKF but by the Defendants, who are unregulated "mom-and-pop" manufacturers or sellers, who distribute their infringing products nationally from a concentration of wholesale and retail outlets and shipment fulfillment facilities located at 307 Boyd Street, Los Angeles, California (the "Boyd Street epicenter").  The Boyd Street epicenter is affiliated with Boyd Street Distro LLC, a known counterfeiter.[1]  The Boyd Street epicenter has sold both (i) counterfeit CAKE™ branded Delta-8 products *and* (ii) vaping devices marketed under the brand name "Cake She Hits Different" containing highly concentrated Delta-9 psychoactive products.

36.     The infringing "Cake She Hits Different" products and their interstate distribution system bear the following characteristics:

    i.     The name and packaging are meant to portray a successor product to the Cake™ Delta-8 products, produced by the "same #1" consumer company in the vaping market.

_____

[1] See, e.g., judgment entered in *AK Futures LLC v. Boyd Street Distro LLC*, C.D. Cal. Case No. 8:21-cv-01027-JVS-ADS (ECF No. 58, entered June 15, 2022).

9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28




**(Authentic Cake™ Product)**          **(Defendants' Infringing Product)**

ii.   The "Cake She Hits Different" product is a Delta-9 THC product derived from marijuana that does not comply with the 2018 Farm Bill restrictions of 0.3 percent Delta-9 THC and derivative from hemp.  Instead, it is a psychoactive Delta-9 THC product with little or no Delta-8 ingredients.  .

iii.  Unlike certain organic marijuana flower products, the "Cake She Hits Different" consumer product is powerful, potent and concentrated.  It starts with black market marijuana -- that is itself unregulated, unlicensed and untaxed -- and reduces the Delta-9 THC psychoactive ingredients into a concentrated oil.  This highly potent Delta-9 THC oil is then placed in a vaping device, using typical vaping technology and imported Chinese componentry.  In

many cases, nicotine is then added, making the consumer product an "ENDS" (electronic nicotine delivery system) consumer product heavily restricted by the FDA.

iv.   The resulting "Cake She Hits Different" consumer product looks and operates just like a lawful Cake ™ branded Delta-8 vaping device, and it is sold in retailers and distributorships across the country, on shelves alongside AKF's Cake™ branded products.

37.   Defendants have doubled down on their attempts to piggyback of AKF's goodwill and reputation by attempting to acquire trademark rights in its infringing marks.  In January 2023, in collaboration with "Atlas Hemp Company LLC," a hemp company organized in 2016, "Cake She Hits Different" filed Intent to Use trademark applications for "Cake She Hits Different," "She Hits Different" and "She Hits Different Cake" in IC Classes 5, 18, 25 and 34.  By misrepresenting the existing uses of the mark for illegal Delta-9 products, Defendants are attempting to defraud and fly under the radar of USPTO examiners.

38.   Recently, the THB Defendants coordinated with defendant Atlas Hemp to announce a "partnership" for distribution of "CAKE" branded vaping products across state lines into Arizona, via a news article that proclaimed misleadingly:  "Highly sought-after California cannabis brand CAKE She Hits Different has announced its partnership with Atlas Street Ventures to bring CAKE to the Arizona recreational market, the brand's third national market."[2]  The article goes on to describe "Cake She Hits Different" as follows:  "Founded in 2019, **CAKE** is a multi-state woman and BIPOC-owned lifestyle cannabis brand offering innovative cannabis products, street wear apparel, and exclusive events. From their cryo-cured resin vapes to small batch indoor flower, **CAKE** is dedicated to offering the highest quality and most innovative cannabis products in the industry." *Id.*

_____
[2] <https://www.ganjapreneur.com/cake-arrives-in-arizona-confirms-she-does-hit-different/ > (visited June 12, 2023).

1    (capitalization in original).  Defendant Atlas Hemp also displays the infringing

2    "Cake She Hits Different" product line as part of their online "portfolio" and links

3    to www.shehitsdifferent.com.

4         39.    On information and belief, Defendant TBH owns and operates the e-

5    stores and PayPal accounts linked to the websites www.cakeshehitsdifferent.com

6    and www.shehitsdifferent.com.  These websites links to the following social media

7    sites: @shehitsdifferent (Instagram), @shopcakeUSAS (Twitter), and

8    @shehitsdifferent (YouTube) (together, the "'**Cake She Hits Different'**

9    **Websites**").  Through the "Cake She Hits Different Websites," the TBH

10   Defendants openly sell "Cake She Hits Different" branded Delta-9 THC vaping

11   products nationwide, including ENDS.

12        40.    On the "FAQ" webpage of www.shehitsdifferent.com, the TBH

13   Defendants boldly claim — in regard to determining whether a product is an

14   authentic or a fake Cake product — that "[a] solution to authenticating Cake is

15   currently in the works.  As soon as it is finalized, we will make an announcement

16   and update this response."  Ironically, these same Defendants are passing off their

17   products as AKF's first-in-time and well-established CAKE brand.

18        41.    The TBH Defendants also sell infringing merchandise, from t-shirts to

19   lighters, under their confusingly similar "Cake She Hits Different" brand.  These

20   products compete unfairly and are likely to cause consumers to confuse "Cake She

21   Hits Different" merchandise and its Delta-9 THC products as a new generation of

22   Cake™ branded products.

23        42.    Defendants even go as far as to sell merchandise and cannabis

24   products using the word "Cake" by itself, which essentially ensures consumer

25   confusion.  For example, the TBH Defendants advertise on their social media

26   accounts various products with the word "CAKE" standing alone.  In the caption of

27   these posts, Defendants say things such as "Come get yo Cake", "Friends don't let

28   friends smoke boof.  Share Cake", "Who loves sneaking their Cake pen into the

1    club?", "Baddest chick in the game rockin' that Cake drip"; and "Riding into the

2    future and flying high with Cake."  For example:

 

16    (http://instagram.com/cakehitsdifferent (visited June 12, 2023).)



24    (https://shehitsdifferent.com/products/cake-keychain (visited June 12, 2023).)

25        43.     Through these activities, Defendants are intentionally deceiving

26    customers into believing that they are receiving authentic Cake™ branded products

27    developed, manufactured, quality controlled, screened and tested by AKF or

28    another party affiliated with, or authorized, licensed, or approved by AKF.

**D.  DEFENDANTS' CONFUSINGLY SIMILAR BRANDING AND TRADING OFF THE CAKE MARKS HARM TO PLAINTIFF**

44.  Plaintiff is suffering severe economic hardship and irreparable harm as a result of Defendants' misconduct.

45.  Defendants' confusingly similar products under "Cake She Hits Different" and "Cake" have already caused irreparable and confusion across the country.  For example, a local news Kansas television news affiliate broadcasted images of infringing "Cake She Hits Different" products while reporting on a story of illegal cannabis products in convenience stores being sold to underage teens. Unfortunately, the story erroneously described "Cake She Hits Different" *as a Delta-8 product*, further underscoring the confusion among the public and the media between AKF's legal products and Defendants' illegal ones.

46.  As other news reports foreshadowed, local distributors of Cake™ branded devices in Kansas, Ohio, North Carolina and elsewhere have started to panic that police would also arrest them and seize their substantial investments in Plaintiff's products.  AKF has lost millions due to the press attracted by its imposter and serial infringer "Cake She Hits Different" as a result.

47.  On May 29, 2023, AKF discovered a webpage hosted on https://rosedalekb.com, which conflates "Cake She Hits Different" products with AKF's authentic Cake™ products.[3]  The website describes a "Cake bar vape" while showing images of AKF's authentic products and Defendants' infringing and unregulated products interchangeably.  Defendants' confusingly similar products have created actual consumer confusion, which is causing irreparable harm to AKF.

48.  Further irreparable harm is caused by creating an association between Plaintiff's tested, quality-controlled and lawful Delta-8 products with black-market "Cake She Hits Different" products.  Their manufacturing, use of unregulated, unlicensed and untaxed marijuana, highly concentrated Delta-9 THC oils, and lack

---

[3] <https://rosedalekb.com/what-is-a-cake-bar-vape> (visited May 29, 2023).

of any quality controls, are all marketed as high-quality Cake™ branded products.

49.     Consumers are harmed by Defendants' unlawful conduct because the unregulated, unlicensed and untaxed black-market marijuana products often contain pesticides, toxic fungi, and other contaminants.  The oils derived from them include the same ingredients and then are inhaled by young adults and teenagers. Consumers therefore receive inauthentic products of lower quality, less reliable, and less safe than the genuine Cake™ products they expect.

50.     Besides the health impacts, Defendants' marketing of "Cake She Hits Different" targets minors via social media and other online content, in violation of state and federal law.  On certain websites, a simple "click" of the computer mouse is sufficient for a teenager to claim to be age 21 or above to buy "Cake She Hits Different" from websites or social media.  Defendants' websites lack any meaningful age-gating screen to view the contents for sale and to initiate a purchase; "shehitsdifferent.com" lacks even the most basic age-gating feature.

51.     Moreover, all commercial cannabis activities in California require a license from the Department of Cannabis Control ("DCC").  The DCC website provides a search feature for information about the required licenses for any business or individual engaged in commercial cannabis activity.[4]  A recent search for licenses in California for Defendants under the names TBH Supply LLC, Golden Phoenix Holdings Inc., Jason Anthony Longo, and John Anthony Magliana yielded zero results.  As such, it appears that Defendants are producing and selling cannabis without a license in California, in violation of state law.

52.     The illegal and harmful nature of Defendants' products are further evidenced by the actions of the City of Los Angeles and the Los Angeles Police Department, which has investigated and raided retail locations selling and manufacturing illegal Schedule 1 controlled substances under the brand "Cake She Hits Different," as well as counterfeit "Cake" products, resulting in the seizure of

[4] <https://search.cannabis.ca.gov> (visited June 12, 2023).

15

thousands of "Cake She Hits Different" products.

53.    Additionally, Defendants use websites and social media to ship infringing "Cake She Hits Different" products nationally.  Defendants' websites and social media generate such a high volume on a nationwide basis that it drastically curtails demand for Plaintiff's authentic Cake™ products, and trades on their goodwill.  Selling alternative products associated with Plaintiff reduces the demand for Plaintiff's products.  The "Cake She Hits Different" products also reduce the demand for Plaintiff's products by catering to consumers who may prefer more potency than allowed by federal law.  Indeed, a high volume of "Cake She Hits Different" products are sold or shipped around the country per day, including by Defendants and other Mom-and-Pops in the "Boyd Street epicenter.

54.    As such, Defendants' products and activities threaten substantial, irreparable harm to AKF's brand as well as to consumers, who purchase Defendants' products wrongly believing them to have been made, tested, and lawfully manufactured by AKF.  The inaccurate association consumers and members of the press have drawn between AKF's lawful products and brand and Defendants' illicit activities is particularly harmful to AKF.

## FIRST CLAIM FOR RELIEF

**(Federal Unfair Competition and False Designation Of Origin,**

**15 U.S.C. 1125(A), Against All Defendants)**

55.    AKF incorporates the allegations in paragraphs 1 through 54 above, as if set forth fully herein.

56.    Defendants' advertising, offering for sale, and sale of counterfeit or infringing products bearing or incorporating the "Cake" marks constitute false designations of origin and false descriptions and representations, and are likely to cause confusion, mistake, and to deceive consumers by creating the false impression that AKF and the Cake™ products are affiliated, connected, or associated with Defendants or their goods, or that Defendants' products are

approved, licensed, endorsed, or sponsored by AKF.

57.    Defendants' acts constitute the use of a false designation of origin, a false description, and a false representation that Defendants' goods are AKF's, are identical to or interchangeable with AKF's goods, or are in some way approved, sponsored, authorized by, or affiliated with AKF.

58.    With full knowledge of such falsity, Defendants have manufactured, assembled, advertised, offered for sale or sold (and continue to do so) such merchandise in interstate commerce, in such manner as to cause confusion or mistake among the public and to deceive the public, resulting in Defendants' profit and causing AKF great damage and injury.

59.    Defendants' acts constitute deliberate and intentional violations of Section 43 of the Lanham Act, and justify an award of trebled damages.

60.    By merit of its actions and conduct, each Defendant either directly caused each cause of action; or acted as an aider and abettor of such violations of law; or acted as a co-conspirator in such violations of law, and so is jointly and severally liable for all damages from each such cause of action.

61.    Defendants' above-described conduct is causing irreparable harm to AKF and the Cake™ brand, for which there is no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (California False Advertising, Cal. Bus. & Prof. Code § 17500, Against All Defendants)

62.    AKF incorporates the allegations in paragraphs 1 through 61 above as if set forth fully herein.

63.    Defendants have knowingly and willfully made false or misleading statements in connection with the sale of their inauthentic products.

64.    In advertising and promoting their products, Defendants knew or, with the exercise of reasonable care, should have known, that their statements were false and misleading.

65.     By merit of its actions and conduct, each Defendant either directly caused each cause of action; or acted as an aider and abettor of such violations of law; or acted as a co-conspirator in such violations of law, and so is jointly and severally liable for all damages from each such cause of action.

66.     As a direct, proximate, and foreseeable result of Defendants making these false and misleading statements, AKF has suffered, and will continue to suffer, irreparable harm to its individual brand, reputation and goodwill.  AKF has no adequate remedy at law to compensate for these substantial injuries and is thus entitled to injunctive relief.

67.     As a direct, proximate, and foreseeable result of Defendants making these false and misleading statements, AKF has suffered and will continue to suffer monetary damages in an amount to be proven at trial.

68.     This cause of action enforces one or more important rights affecting the public interest and confers a significant benefit on the general public, or at least the large class of persons interested in Delta-8 products, and so Plaintiff AKF is entitled to an attorney's fee award.

## THIRD CLAIM FOR RELIEF

**(California Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*, Against All Defendants)**

69.     AKF incorporates the allegations in paragraphs 1 through 68 above, as if set forth fully herein.

70.     As stated above, Defendants' conduct is likely to cause confusion as to the origin, authorization, authenticity, and sponsorship of the vaping products being manufactured, imported, advertised, sold, and distributed by Defendants. The above-described conduct of Defendants is intended to produce and has produced substantial profits for Defendants at the expense of AKF and to the detriment of the integrity of the Cake™ brand.

71.     By merit of its actions and conduct, each Defendant either directly

1  caused each cause of action; or acted as an aider and abettor of such violations of

2  law; or acted as a co-conspirator in such violations of law, and so is jointly and

3  severally liable for all damages from each such cause of action.

4       72.    Defendants' above-described conduct constitutes unlawful and unfair

5  business practices in violation of California Business & Professions Code sections

6  17200 et seq.

7       73.    AKF has lost money and suffered substantial injury as a result of

8  Defendants' wrongful acts.  Defendants' misconduct also has caused, and is

9  continuing to cause, irreparable injury to AKF for which there is no adequate

10  remedy at law.

11       74.    This claim for relief enforces one or more important rights affecting

12  the public interest and confers a significant benefit on the general public, or at least

13  the large class of persons interested in Delta-8 products, and so Plaintiff AKF is

14  entitled to an attorney's fee award.

15  **PRAYER FOR RELIEF**

16       WHEREFORE, Plaintiff relief in its favor and against Defendants as follows:

17       A.    That Defendants, their officers, directors, agents, employees,

18  representatives and all persons, firms and corporations in active concert or

19  participation with any of them, be preliminarily and permanently enjoined from

20  infringing, distributing, or otherwise using without AKF's authorization the Cake™

21  marks and any AKF's copyrighted designs, by manufacturing or causing to be

22  manufactured, importing or causing to be imported, reproducing or causing to be

23  reproduced, purchasing or causing to be purchased, distributing or causing to be

24  distributed, advertising or causing to be advertised, or offering for sale or selling,

25  any infringing products bearing the Cake™ marks, or any confusingly similar

26  mark;

27       B.    Judgment in favor of AKF that Defendants competed unfairly with

28  AKF and employed false designations of origin including product packaging and

19

trade dress, all in violation of AKF's rights under 15 U.S.C. § 1125 and California Bus. & Prof. Code § 17200 et seq.;

C.     Judgment in favor of AKF that Defendants made false and misleading statements and falsely and misleadingly advertised their infringing products, in violation of AKF's rights under California Bus. & Prof. Code § 17500;

D.     On the First and Second Claims for Relief, AKF be awarded up to three times the amount of actual damages sustained by it as a result of Defendants' acts, including any lost profits sustained by AKF or profits unlawfully realized by Defendants;

E.     On the First and Second Claims for Relief, Defendants be ordered, pursuant to Section 34 of the Trademark Act, 15 U.S.C. § 1116, to file with the Court and serve upon AKF's counsel, within 30 days of the entry of the injunctions and orders prayed for herein, a written report setting forth under oath and in detail the manner in which they have complied with the injunctions and orders requested herein;

F.     On all claims for relief, (i) Defendants be required to deliver immediately to AKF for destruction all infringing merchandise bearing the Cake™ marks, or any confusingly similar mark or designation of origin; and (ii) the seizure and impoundment of the same as may be authorized by Section 34 of the Trademark Act, 15 U.S.C. § 1116(d)(2) to (11), Federal Rules of Civil Procedure 64 and 65, and other relevant court rules or statutes;

G.     On all claims for relief, (i) Defendants further be required to deliver to AKF for destruction all computer files, digital files, computer discs, master copies, print molds, dye cuts or other materials or instrumentalities used to manufacture infringing merchandise bearing the Cake™, as well as all labels, signs, prints, packages, receptacles, promotional and other material in their possession, custody or control that display or promote infringing merchandise bearing the Cake™ marks, or any confusingly similar mark or designation of origin; and (ii) the seizure

and impoundment of the same as may be authorized by Section 34 of the Trademark Act, Federal Rules of Civil Procedure 64 and 65, and other relevant court rules or statutes;

H.     On all claims for relief, Defendants be ordered to provide an accounting of all revenues and profits obtained by them as a result of their unfair competition and other violations, as alleged herein;

I.     On the First Claim for Relief, AKF be awarded its attorneys' fees and costs pursuant to 15 U.S.C. § 1117;

J.     On the Third Claim for Relief, AKF be awarded its attorneys' fees as private attorney general pursuant to California Code of Civil Procedure § 1021.5;

K.     On the Third Claim for Relief, the Court grant restitution to AKF, including the disgorgement of all monies obtained by Defendants through the unlawful sales or distribution of, unauthorized or infringing goods;

L.     On the First Claim for Relief, the Court order that websites and social media be taken down, and domain names forfeited or transferred to Plaintiff, pursuant to 15 U.S.C. § 1125(d), or as may be authorized by Section 34 of the Trademark Act, Federal Rules of Civil Procedure 64 and 65, and other relevant court rules or statutes; and

M.     Such other and further relief the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff AKF demands a jury trial on all claims for relief averred herein.

1    Dated:   June 12, 2023                    MORRISON & FOERSTER LLP

2                                              -- AND --

3                                              THE FROST FIRM

4

5                                              By:  /s/ Benjamin J. Fox

6                                                     Benjamin J. Fox

7                                                  *Attorneys for Plaintiff*
                                                   *AK Futures LLC*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28