BENJAMIN J. FOX (CA SBN 193374)
ALLYSON R. BENNETT (CA SBN 302090)
MATTHEW J. WYATT (CA SBN 343074)
C.B. ROME (CA SBN 345217)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA  90017-3543
Telephone:  (213) 892-5200
Facsimile:  (213) 892-5454
bfox@mofo.com
abennett@mofo.com
crome@mofo.com

THOMAS C. FROST
(CA SBN 185187)
GEORG CAPIELO
(CA SBN 24591)
THE FROST FIRM
401 West A Street, Suite 1150
San Diego, CA 92101
Telephone:  (619) 822-1741
Facsimile:  (619) 822-1744
tfrost@thefrostfirm.com
gcapielo@thefrostfirm.com

Attorneys for Plaintiff and
Counter-Defendant
AK FUTURES LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AK FUTURES LLC,<br><br>          Plaintiff,<br><br>   v.<br><br>TBH SUPPLY LLC, a California limited liability company; GOLDEN PHOENIX HOLDINGS, a Nevada corporation; JASON ANTHONY LONGO, a California resident; ATLAS HEMP COMPANY LLC, a Washington corporation; and DOES 1-10,<br><br>          Defendants. | NO. 8:23-CV-01030-JVS-ADS<br><br><br>**STIPULATED PROTECTIVE ORDER** |
| TBH SUPPLY LLC,<br><br>          Counter-Claimant,<br><br>   v.<br><br>AK FUTURES LLC,<br><br>          Counter-Defendant. | |

1

sf-5667471

I. **PURPOSES AND LIMITATIONS**

A.      Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section XIII(C), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

II.    **GOOD CAUSE STATEMENT**

A.      This action is likely to involve customer and pricing lists and other valuable research, development, commercial, financial, technical or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is

sf-5667471

warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III.    DEFINITIONS

sf-5667471

A.     <u>Action</u>:  *AK Futures LLC v.  TBH Supply LLC, et al.*, Case No.  8:23-CV-01030-JVS-ADS, pending in the U. S.  District Court for the Central District of California.

B.     <u>Challenging Party</u>:  A Party or Non-Party that challenges the designation of information or items under this Order.

C.     <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

D.     <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

E.     <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

F.     <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

sf-5667471

G. <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

H. <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

I. <u>House Counsel</u>:  Attorneys who are employees of a party to this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

J. <u>Non-Party</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

K. <u>Outside Counsel of Record</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

5

L.   Party:  Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

M.   Producing Party:  A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

N.   Professional Vendors:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

O.   Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

P.   Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**IV.   SCOPE**

A.   The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

6

sf-5667471

conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

B.    Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

V.    **DURATION**

A.    Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

VI.    **DESIGNATING PROTECTED MATERIAL**

A.    Exercise of Restraint and Care in Designating Material for Protection

1.    Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate

7

sf-5667471

standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

2.      Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

3.      If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

B.      Manner and Timing of Designations

1.      Except as otherwise provided in this Order (*see, e.g.*, Section B(2)(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

8

2.      Designation in conformity with this Order requires the following:

a.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection asserted.

b.      A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL– ATTORNEYS' EYES ONLY."  After the inspecting Party has

9

identified the documents it wants copied and produced, the
Producing Party must determine which documents, or portions
thereof, qualify for protection under this Order.  Then, before
producing the specified documents, the Producing Party must
affix the appropriate legend ("CONFIDENTIAL" or
"HIGHLY CONFIDENTIAL– ATTORNEYS' EYES
ONLY") to each page that contains Protected Material.  If only
a portion or portions of the material on a page qualifies for
protection, the Producing Party also must clearly identify the
protected portion(s) (e.g., by making appropriate markings in
the margins)  and must specify, for each portion, the level of
protection asserted.

c.      For testimony given in depositions, that the Designating
Party identify the Disclosure or Discovery Material on the
record, before the close of the deposition all protected
testimony and specify the level of protection being asserted.
Alternatively, the Designating Party may designate
information disclosed at the deposition as "CONFIDENTIAL"
or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
ONLY" by notifying the court reporter and other parties in

sf-5667471

writing, within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The parties may agree to a reasonable extension of the 15-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-day period, the entire transcript shall receive "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" treatment. Upon such designation, the court reporter and each party shall affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to the designated pages and segregate them as appropriate.

d.    For information produced in form other than document and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions

sf-5667471

of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections as the information or items from which those copies were made.

C.     Inadvertent Failure to Designate

1.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

D.     Withholding of Information.

1.     The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; and (2) information subject to non-

disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal information).  Privilege redactions will state, over the redacted portion, "Redacted–Privileged." Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed. The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

## VII.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.   Timing of Challenges

1.   Any party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

B.   Meet and Confer

1.      The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

C.      The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## VIII. ACCESS TO AND USE OF PROTECTED MATERIAL

A.      Basic Principles

1.      A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of Section XIV below.

sf-5667471

2.      Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

B.      Disclosure of "CONFIDENTIAL" Information or Items

1.      Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a.      The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

b.      The officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c.      Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d.      The Court and its personnel;

e.      Court reporters and their staff;

sf-5667471

15

f.      Professional jury or trial consultants, mock jurors, and

Professional Vendors to whom disclosure is reasonably

necessary for this Action and who have signed the

"Acknowledgment and Agreement to be Bound" attached as

Exhibit A hereto;

g.      The author or recipient of a document containing the

information or a custodian or other person who otherwise

possessed or knew the information;

h.      During their depositions, witnesses, and attorneys for

witnesses, in the Action to whom disclosure is reasonably

necessary provided: (i) the deposing party requests that the

witness sign the "Acknowledgment and Agreement to Be

Bound;" and (ii) they will not be permitted to keep any

confidential information unless they sign the

"Acknowledgment and Agreement to Be Bound," unless

otherwise agreed by the Designating Party or ordered by the

Court.  Pages of transcribed deposition testimony or exhibits to

depositions that reveal Protected Material may be separately

bound by the court reporter and may not be disclosed to

16

anyone except as permitted under this Stipulated Protective Order; and

i.    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

C.    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

1.    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) the Court and its personnel;

sf-5667471

(d) court reporters and their staff,

(e) professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

2.      Notwithstanding the foregoing, Protected Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation.  If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Protected Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

3.      The Parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties.  At a minimum, any Receiving Party subject to the terms of this

sf-5667471

Protective Order, will provide reasonable measures to protect

non-client data consistent with the American Bar Association

Standing Committee on Ethics and Professional

Responsibility, Formal Opinion 477R.Data Security.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

A.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

1.     Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

2.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

3.     Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

sf-5667471

B.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**X.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

A.      The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

sf-5667471

B.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     Make the information requested available for inspection by the Non-Party, if requested.

C.     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court.  Absent a court order to

sf-5667471

the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

A.      If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" that is attached hereto as Exhibit A.

B.      Protected Material shall only be used for the purpose of litigating the Action and shall not be used in other actions or proceedings.

Persons having knowledge of Protected Material and information due to their participation in the conduct of this Action shall use such knowledge and information only as permitted herein, and shall not disclose such Protected Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of the Action.

sf-5667471

## XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

A.      The inadvertent production of privileged or work-product protected documents, electronically stored information (ESI) or information is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the Stipulated Protective Order submitted to the Court.

B.      This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by

sf-5667471

28 U.S. Code § 1738.  In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply. Nothing contained in this Order is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

If a Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease using the document or information and cease using any work product containing the information, and shall inform the producing party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from

sf-5667471

that document, for any purpose.  The parties shall meet and confer

regarding any clawback request.

## XIII.  MISCELLANEOUS

    A.      Right to Further Relief

        1.      Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    B.      Right to Assert Other Objections

        1.      By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    C.      Filing Protected Material

        1.      A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the

Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## XIV. FINAL DISPOSITION

A.      After the final disposition of this Action, as defined in Section V, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if

26

such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section V.

B.      Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:_____12/14/2023_____          _____/s/ Benjamin J. Fox
                                                                    Benjamin J. Fox
                                                                    Attorney for Plaintiff

Dated:_____12/14/2023_____          _____/s/ Hans L. Mayer__
                                                                    Hans L. Mayer
                                                                    Attorney for Defendants

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:__12/15/2023_____          _____/s/ Autumn D. Spaeth_____
                                                        HONORABLE AUTUMN D. SPAETH
                                                        United States Magistrate Judge

sf-5667471

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issue by the United States District Court for the Central District of California

on [DATE] in the case of _____ [insert formal name of

the case and the number and initials assigned to it by the Court].  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I

will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Central District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.  I hereby appoint _____

[print or type full name] of _____ [print or type full

address and telephone number] as my California agent for service of process in

28

sf-5667471

1   connection with this action or any proceedings related to enforcement of this

2   Stipulated Protective Order.

3   Date: _____

4
    City and State where sworn and signed: _____
5

6   Printed Name: _____

7   Signature: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

sf-5667471